# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TIFFANY JOHNSON et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 21-cv-00387 (APM) |
| HEREO VISION OF DC, PLLC, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

I.

Defendant Hero Vision of DC, PLLC removed this matter from the Superior Court of the District of Columbia based on Plaintiffs' assertion of claims under the federal Family Medical Leave Act ("FMLA"). *See* Notice of Removal, ECF No. 1, at 3. Defendant then moved to dismiss the Complaint or, in the alternative, for summary judgment. Def.'s Mot. to Dismiss or, in the Alternative, Mot. for Summ. J., ECF No. 6. Plaintiffs did not respond to the dispositive motion. Instead, they filed a "Motion to Remand and/or Objection to Notice of Removal," ECF No. 7 [hereinafter Pls.' Mot. to Remand], to which they attached an "Amended Complaint." The "Amended Complaint" is titled with a D.C. Superior Court case caption and purports to drop the federal FMLA claims and to proceed on only state law claims. *See* Pls.' Mot. to Remand, Pls.' Stmt. of P. & A. in Supp. of Mot. to Remand &/or Obj. to Notice of Removal, ECF No. 7-1 [hereinafter Pls.' Br.], at 1; Pls.' Mot. to Remand, Am. Compl., ECF No. 7-2 [hereinafter Am. Compl.]. Plaintiffs ask the "Court to accept this Amended Complaint once as a Matter of Course." Pls.' Br. at 2. They also seek to "stay" briefing on Defendant's dispositive motion. *See id.* at 4.

For its part, Defendant opposes remand. *See* Def.'s Mem. of P. & A. in Opp'n to Mot. to Remand, ECF No. 8 [hereinafter Def.'s Opp'n]. It argues that Plaintiffs have not properly filed an amended pleading in this court, as evidenced by the Superior Court case caption on the "Amended Complaint"; therefore, says Defendant, the operative complaint remains the one containing the federal FMLA causes of action and jurisdiction in this court remains proper. *See id.* at 6–7. In the alternative, Defendant contends that even the proposed "Amended Complaint" contains a federal cause of action under the FMLA, pointing to the Fourth Cause of Action, which seeks a declaration that Defendant's "conduct constitutes a violation of the federal FMLA and [the D.C. Family Medical Leave Act]." *See id.* at 7–8 (emphasis omitted) (quoting Am. Compl. at 22). Defendant also urges the court to grant its dispositive motion as conceded. *See id.* at 9–11.

II.

Federal Rule of Civil Procedure 15(a)(1)(B) permits a plaintiff to amend its pleading "once as a matter of course" within 21 days after service of a motion under, as applicable here, Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' submission of an "Amended Complaint" was plainly an effort, albeit a clumsy one, to amend as a matter of right. Plaintiffs should have filed an amended pleading—bearing a case caption for this District Court—as a separate document, not as an exhibit to the motion to remand. Nevertheless, Plaintiffs' intent was clear: to respond to a Rule 12(b) motion with an amendment as of right that removed the federal claims from their suit. And, because Plaintiffs are "the master[s] of the[ir] claim[s]," they can "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The court therefore will treat the "Amended Complaint" as the operative pleading in this case.

As to that amended pleading, the court is unpersuaded that the Fourth Cause of Action asserts a federal FMLA claim. "[F]ederal jurisdiction exists only when a federal question is

2

presented on the face of the plaintiff's properly pleaded complaint." *Id.* Plaintiffs' passing reference to the federal FMLA in the Fourth Cause of Action is best read as a scrivener's error. As Plaintiffs confirm in their reply brief, they "will ask the Superior Court to opine exclusively as to statutory construction of the D.C. FMLA, not the Federal statute." *See* Pls.' Reply to Def.'s Opp'n, ECF No. 9, at 10–11. Should Plaintiffs renege on that promise, Defendant would be free to remove again, move for sanctions, or both.

III.

Accordingly, because the operative complaint no longer contains a basis for federal jurisdiction, Plaintiffs' request to remand this matter to the Superior Court of the District of Columbia, ECF No. 7, is granted. Defendant's motion to dismiss or, in the alternative, for summary judgment, ECF No. 6, is denied as moot.

Dated: July 12, 2021

Amit P. Mehta
United States District Court Judge